UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID MARTELL WILSON,

        Petitioner,

v.                                               Case No. 17-cv-447-pp

MICHAEL DITTMAN,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING THE RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

---

On March 28, 2017, David Martell Wilson, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his April 22, 1996 conviction in Milwaukee County Circuit Court for felony murder and felon in possession of a firearm. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.**     **Background**

A jury convicted the petitioner of felony murder and felon in possession of a firearm, and the court sentenced him to serve seventy years in prison on Count One and eight years on Count Two, to run consecutively to each other. Dkt. No. 1 at 2; Dk. No. 1-3 at 1. The petitioner filed a direct appeal, arguing

1

prosecutorial misconduct and that the trial court abused its discretion by denying his request for an adjournment or new trial. Dkt. No. 1 at 3. The Wisconsin Court of Appeals affirmed the conviction on August 11, 1998. Id. The Wisconsin Supreme Court denied the petition for review on October 14, 1998. Id.

In 2003, a witness who testified against the petitioner at trial recanted his testimony, claiming that he testified under pressure from state actors. Dkt. No. 1 at 7, 10; Dkt. No. 1-3 at 11. In May 2014, the petitioner filed a petition for post-conviction relief in Milwaukee County Circuit Court. The circuit court denied that motion. Dkt. No. 1-3 at 6. The Wisconsin Court of Appeals affirmed the circuit court on December 1, 2015. Id. at 7. The petitioner filed a petition for review with the Wisconsin Supreme Court, which that court denied on April 6, 2016. Id. at 22. The petitioner filed the pending petition in this district on March 28, 2017. Dkt. No. 1 at 1.

**II.     Rule 4 Screening**

   A.     Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the

2

screening stage, the court expresses no view on the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody because of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the

3

claim in the state's highest court in a timely fashion, or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.   The Petition

The petitioner alleges eight grounds for relief: (1) he has newly discovered evidence of actual innocence, dkt. no. 1 at 6; (2) the state engaged in outrageous misconduct to obtain his conviction, id. at 7; (3) the jury did not know that at least one of the state's witnesses testified in exchange for not being prosecuted for the crime at issue (and other, unrelated crimes), id. at 8; (4) his post-conviction counsel was ineffective for failing to argue that the petitioner did not get a fair trial, due to the fact that he received his discovery late and the court would not grant a continuance, id. at 14; (5) the prosecutor committed prosecutorial misconduct, id. at 16; (6) his post-conviction counsel was ineffective for failing to argue that the evidence was insufficient to support a conviction, id. at 17; (7) his sentence was unconstitutional, id. at 19; and (8) the Wisconsin Court of Appeals' decisions were contrary to and an unreasonable application of constitutional and federal law. Id. at 21. A review of the actual claims, however, indicates that the petitioner's assertions fall into four or five categories.

The petitioner's newly-discovered evidence argument (Ground One) revolves around the witness who, in a 2003 affidavit, recanted his trial testimony. Dkt. No. 1 at 6, 10; Dkt. No. 1-3 at 2. This witness claims that he provided this trial testimony only under threats from the police and others,

4

including the threats that the State would charge him with murder if he did not testify against the petitioner, and that it would charge his mother for an unrelated crime. Dkt. No. 1 at 10.

The petitioner's argument that the State engaged in outrageous misconduct (Ground Two) centers on the petitioner's allegation that the State threatened witnesses to get them to fabricate evidence against the petitioner. The petitioner argues that these threats enabled the State to frame fabricated statements as truthful testimony. Id. at 13. This allegation also forms the basis for Ground Three, the assertion that the jury did not know that the witnesses gave testimony in exchange for not being prosecuted. The petitioner again points to the 2003 affidavit as proof that the witness's trial testimony was false. Id. at 8.

The Ground Four ineffective assistance of counsel claim asserts that his trial counsel was ineffective "by default," because trial counsel didn't get critical evidence in time to prepare an alibi defense, and the trial court would not grant trial counsel's motion to adjourn the trial so that he could do so. Id. at 9, 15. The petitioner asserts that his post-conviction counsel[1] should have raised these issues on direct appeal, but did not do so, and that the claims his post-conviction counsel *did* raise were weaker claims than this one. Id. at 15-16.

---

[1] When the petitioner uses the phrase "postconviction counsel," he appears to be referring to the lawyer who represented him on his direct appeal.

The claims that support Ground Five are similar to those in Ground Four: the petitioner asserts that the prosecutor falsely told the jury that the petitioner did not raise an alibi defense until the day of trial, which was a determining factor for some of the jurors in reaching their guilty verdict. <u>Id.</u> at 16. He also asserts that his post-conviction counsel should have raised this issue on direct appeal; this claim seems better suited to Ground Four.

In Ground Six, the petitioner argues that his post-conviction counsel was ineffective, because he failed to assert on appeal that there was insufficient evidence to convict the petitioner. <u>Id.</u> at 15. Specifically, the petitioner argues that post-conviction counsel failed to emphasize the petitioner's alibi, which the petitioner claims was sufficiently strong to undermine the State's evidence. Dkt. No. 1 at 17-18. The petitioner argues that his post-conviction lawyer should have raised the fact that all of the petitioner's alibi witnesses said the same thing—that the petitioner was at a wedding reception at the time of the murder—while the State's witnesses presented inconsistent testimony on a number of points. <u>Id.</u>

The petitioner makes several assertions in support of his Ground Seven claim that his sentence was unconstitutional. First, he argues that the State provided the sentencing judge with "inaccurate" information that he had been convicted of homicide in the past, which his trial counsel failed to correct and which the sentencing court relied upon. <u>Id.</u> at 19. The petitioner argues that he never had committed a homicide before, and that the fact that the sentencing judge believed that he had resulted in an unconstitutional sentence. <u>Id.</u> at 19-

6

20. The petitioner once more asserts that his post-conviction counsel was ineffective for failing to raise this issue, and again, this argument seems more of a piece with his Ground Four arguments. Id. at 19-20.

Finally, in Ground Eight, the petitioner simply re-states the language of 28 U.S.C. §2254, claiming that the decisions by the Wisconsin Court of Appeals were contrary to and an unreasonable application of constitutional and federal law. Id. at 21. This is not a claim—it does not identify any particular decision with which the petitioner disagrees. It is just a statement of the applicable law. The court will not allow the petitioner to proceed on this "claim," because it isn't a claim.

At this early stage, the court will allow the petitioner to proceed on his Ground One claim that he has newly-discovered evidence that shows that he is innocent. Because the petitioner was convicted in 1996, and the conviction became final on October 14, 1998, the statute of limitations for him to challenge that conviction under §2254 expired on October 14, 1999. But the U.S. Supreme Court has held that a claim of actual innocence can provide a "gateway" for an otherwise time-barred petitioner to seek federal *habeas* relief. McQuiggin v. Perkins, 569 U.S. 383, 387 (2013). The court makes no finding at this stage about whether the petitioner timely raised his actual innocence claim in state court, or whether he can prove that claim. The court finds only that, at this stage, it will allow the plaintiff to pursue this claim.

The plaintiff's Ground Two and Ground Five claims, alleging prosecutorial misconduct, implicate the Due Process Clause of the Fourteenth

7

Amendment. The Supreme Court has held that if a prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process," the conduct violates the Fourteenth Amendment. Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)). The court will allow the petitioner to proceed on these claims.

Similarly, the petitioner's Ground Three claim that the prosecution did not disclose (whether to him, or to the jury) inducements made to witnesses sounds in due process. See, *e.g.*, Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985)). The court will allow the petitioner to proceed on this claim.

All of the petitioner's allegations that his post-conviction counsel was ineffective fall under the Sixth Amendment. The petitioner may proceed on Grounds Four and Six, as well arguments he makes in connection with the other grounds that his post-conviction counsel was ineffective in failing to raise them.

Finally, the petitioner's Ground Seven claim that he was sentenced based on inaccurate information constitutes a due process claim. See, *e.g.*, Ben-Yisrayl v. Buss, 540 F.3d 542, 554 (7th Cir. 2008); Promoter v. Pollard, 628 F.3d 878, 888 (7th Cir. 2010)). The court will allow him to proceed on this claim.

The petitioner appears to have filed this *habeas* petitioner within one year of the Wisconsin Supreme Court's denial of his postconviction motion, but it also appears that the petitioner allowed sixteen years to lapse between the

8

time the Wisconsin Supreme Court denied his initial petition for review and the time he filed his motion for postconviction relief. The only "newly discovered evidence" to support the postconviction motion was an affidavit prepared in 2003. Without the benefit of the entire record, however, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Nothing in this order prevents the respondent from raising untimeliness or procedural default as affirmative defenses to the petitioner's petition, but at this stage, the court will allow the petitioner to proceed on Grounds One through Seven.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in Grounds One through Seven of his *habeas* petition. The court **ORDERS** that Ground Eight is **DISMISSED.**

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties shall comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five (45) days after he receives the respondent's answer to file a brief in support of his petition;

(2) the respondent has forty-five (45) days after the petitioner's brief is docketed to file the respondent's brief in opposition; and

(3) the petitioner has thirty days (30) after he receives the respondent's opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five (45) days of the date he receives the respondent's motion. If the respondent chooses to file a reply brief, he must do so within thirty (30) days of the date the petitioner's opposition brief appears on the docket.

The parties must send in their documents in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the

reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 13th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**