UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID MARTELL WILSON,

        Petitioner,

v.                                                                   Case No. 17-cv-447-pp

MICHAEL DITTMAN,

        Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS UNAUTHORIZED SUCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS (DKT. NO. 14) AND DISMISSING CASE**

---

        On March 28, 2017, the petitioner, an inmate at the Columbia Correctional Institution who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his April 22, 1996 conviction for felony murder and possession of a firearm by a felon. Dkt. No. 1 at 2. This court screened the complaint on July 13, 2018, dkt. no. 11, and two months later, the respondent filed a motion to dismiss for lack of jurisdiction, dkt. no. 14. The petitioner did not file a brief opposing the motion to dismiss. Because the petition is a second and successive petition that the petitioner filed without obtaining approval from the federal court of appeals, the court will grant the respondent's motion to dismiss.

1

**I.	Background**

   A.   The Petitioner's Conviction

In February 1996, a jury convicted the petitioner of felony murder and felon in possession of a firearm. Dkt. No. 1-3 at 1. The Milwaukee County Circuit Court sentenced him to seventy years in prison on Count One and eight years on Count Two, to run consecutively for an aggregate sentence of seventy-eight years. Dkt. No. 1 at 2; Dkt. No. 1-3 at 1. The petitioner filed a direct appeal, and the Wisconsin Court of Appeals affirmed the conviction on August 11, 1998. Dkt. No. 1 at 3. The Wisconsin Supreme Court denied his petition for review on October 14, 1998. Id.

   B.   The First Federal *Habeas* Petition

On October 12, 1999, the petitioner filed a petition for a writ of *habeas corpus* in this court challenging his 1996 conviction. Dkt. No. 15-1; see also Wilson v. Bertrand, Case No. 99-cv-1203-TJC (E.D. Wis.), at dkt. no. 1. Judge Thomas J. Curran denied the petition on March 31, 2003. Dkt. No. 15-1. His decision recounted the petitioner's three grounds for relief: (1) that the State had violated his due process rights when it failed to properly disclose "material discovery;" (2) that the trial court had violated his due process rights when it denied a continuance and a postconviction motion; and (3) that the prosecutor had engaged in prosecutorial misconduct. Dkt. No. 15-1 at 11.

   C.   The Petitioner's State Court Postconviction Filing

In May 2014, the petitioner filed a petition for postconviction relief in Milwaukee County Circuit Court, citing "newly discovered evidence" that his

conviction should be reversed. Dkt. No. 1 at 4. The circuit court denied that motion. Dkt. No. 1-3 at 6. The Wisconsin Court of Appeals affirmed the circuit court on December 1, 2015. Id. at 7. The petitioner filed a petition for review with the Wisconsin Supreme Court, which that court denied on April 6, 2016. Id. at 22.

### D. The Current Federal *Habeas* Petition

The petitioner timely filed the current petition in March of 2017. Dkt. No. 1 at 1. It alleged eight grounds for relief. Dkt. No. 1. When this court screened the petition in July of 2018, the court framed the petitioner's claims as: (1) newly discovered evidence of actual innocence, dkt. no. 11 at 7; (2) two due process claims of prosecutorial misconduct, id. at 7-8; (3) a due process claim of the prosecution's failure to disclose inducement to witnesses, id. at 8; (4) two Sixth Amendment claims for ineffective assistance of post-conviction counsel, id. at 8; and (5) a due process claim that the sentencing court sentenced the petitioner based on inaccurate information, id. The court remarked that Ground Eight of the petitioner's petition—that the Wisconsin Court of Appeals made a decision contrary to and an unreasonable application of constitutional and federal law—was "just a statement of the applicable law." Id. at 7. The court did not allow the petitioner to proceed on that claim and ordered the respondent to respond to the remaining grounds.

### E. Respondent's Motion to Dismiss

On September 11, 2018, the respondent filed this motion to dismiss. Dkt. No. 14. He pointed out that the petitioner previously had filed a federal

3

*habeas* case challenging the 1996 conviction. Dkt. No. 15 at 2. The respondent argued that because the petitioner had a previously-decided *habeas* petition, Rule 9 of the Rules Governing Section 2254 Cases and 28 U.S.C. §2244(b)(3)(A) required the petitioner to obtain permission from a federal court of appeals before filing a second or successive petition. Dkt. No. 15 at 2-4. The respondent asserted that the petitioner had not demonstrated that he obtained that permission, which meant that this court lacked jurisdiction. Id. at 4.

## II. Analysis

### A. Standard

Rule 9 of the Rules Governing Section 2254 Cases says that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3) and (4)."

This rule implements §2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Subsection (a) states that a district court shall not be required to entertain a *habeas* petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]" 28 U.S.C. §2244(a). Subsection (b)(1) effectuates subsection (a) by requiring that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). Subsection (b)(2) creates two narrow exceptions that—if the petitioner can meet the requirements—allow district courts to consider claims brought in second

4

and successive petitions that were not presented to a district court in a previous petition.

Subsection (b)(3)(A), however, states that before a petitioner may attempt to seek relief in a second or successive petition under the two exceptions, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). "No matter how powerful a petitioner's showing, only [the federal court of appeals] may authorize the commencement of a second or successive petition." Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Id. (emphasis in original). If the petitioner's petition qualifies as a "second or successive petition," this court is required to dismiss it unless he has an order from the Seventh Circuit giving him approval to file it.

"[I]t is well settled that ["second or successive"] does not simply 'refe[r] to all §2254 applications filed second or successively in time[.]" Magwood v. Patterson, 561 U.S. 320, 332 (2010) (citing Panetti v. Quarterman, 551 U.S. 930, 944 (2007)). In Magwood, the Supreme Court held that the phrase "'second or successive' must be interpreted with respect to the judgment challenged." Id. at 333. In other words, if a petitioner's second petition challenges the same state court judgment that the first petition challenged, the second qualifies as a "second or successive" petition. Further, a petition "is

5

caught by §2244(b) and §2255 ¶8 only if it is second successive to a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).

In Case Number 99-cv-1203, Judge Curran considered a *habeas* petition that challenged the petitioner's February 1996 judgment of conviction. This case also challenges the petitioner's February 1996 conviction. Judge Curran's March 31, 2003 decision dismissed the petitioner's due process and ineffective assistance of counsel claims on their merits. Dkt. No. 15-1. He dismissed the petitioner's prosecutorial misconduct claim because of procedural default. Id. The petitioner raises those same claims here. The court concludes that the current *habeas* petition is a second or successive petition, and the petitioner has not argued otherwise (or responded to the motion to dismiss).

The petitioner did not include an order from the Seventh Circuit with his petition, or with the attachments to the petition. The court conducted a search, using the petitioner's name, of the Seventh Circuit's on-line database. It found one case, David Wilson v. Michael Dittman, *et al.*, Appeal No. 18-1075, an appeal from a decision by Judge William C. Conley in the Western District of Wisconsin in Civil Case No. 15-cv-466. The Seventh Circuit affirmed Judge Conley's grant of summary judgment in favor of the defendants on July 30, 2018. It could not find any order granting the petitioner authorization to file a second or successive *habeas* petition.

The court has no choice but to dismiss the petition under Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(b)(3)(A), because it is a

second or successive petition and the petitioner did not obtain leave from the Seventh Circuit Court of Appeals before filing it.

**III. Conclusion**

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 25th day of September, 2019.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **United States District Judge**